## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**HOBART B. E. DRAKE, SR. ,**

> **Plaintiff,**

**v.**                                              **Case No: 5:14-cv-691-Oc-18PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

> **Defendant.**

---

# REPORT AND RECOMMENDATION[1]

Plaintiff appeals from a final decision of the Commissioner of Social Security denying his applications for benefits. Specifically, Plaintiff appeals the order of the Appeals Council dismissing as untimely his request for review of the Administrative Law Judge's unfavorable decision. I submit that the Appeals Council's Order dismissing Plaintiff's untimely request for review should be **AFFIRMED**.

### I.    BACKGROUND

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). His applications were denied initially and on reconsideration. On March 13, 2013, after a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision, finding that Plaintiff was not disabled. (Doc. 18, pp. 13-15). The cover letter to the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

ALJ's decision, which is entitled "Notice of Decision," is dated March 13, 2013 and addressed to

Plaintiff at 4532 NE Jacksonville Rd.   The Notice of Decision advises:

> You must file your written appeal within 60 days of the date you get this notice.   The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period.
>
> The Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time.

(Doc. 18, p. 16).   Thus, Plaintiff's deadline to file a request for review would have been May 17,

2013, which was 65 days after the date of the Notice of Decision.

On June 12, 2013, Plaintiff filed an untimely request for review of the ALJ's decision with

the Appeals Council.   (Doc. 18, pp. 13-15).[2]   On October 31, 2014, the Appeals Council

dismissed Plaintiff's request for review of the ALJ's decision finding that good cause had not been

established for the late filed request for review.   (Doc. 18, pp. 5-6).   Plaintiff then filed the instant

appeal.

## II.    DISCUSSION

The Commissioner's regulations provide that a claimant can request appellate review of an

ALJ decision after the 60 day deadline has passed if he can show good cause for missing the

deadline.   20 C.F.R. §§ 404.986(b), 416.1411, 416.1468(b).   The regulations identify

circumstances which may constitute good cause, including not receiving notice of the ALJ's

decision.   20 CFR §§ 404.911(b)(7), 416.1411(b)(7).   In the Eleventh Circuit, the District Court

has the jurisdiction, pursuant to 42 U.S .C. § 405(g), to review an Appeals Council's decision to

dismiss a request for review as a final decision of the Commissioner.   *See Waters v. Massanari,*

184 F.Supp.2d 1333, 1339 (N.D.Ga.2001) ("The Eleventh Circuit is [the] only federal circuit

---

[2] In its Order, the Appeals Council noted that it received the request for review on June 24, 2014. (Doc. 18, p.5).   Either way, the request for review was not timely.

which grants judicial review of the Appeals Council's dismissal of an untimely request for review. . . . [T]he other circuit courts of appeal have expressly or implicitly held that when the Appeals Council *dismisses* a request for review, as opposed to *denying* the request for review, there is no right to judicial consideration of the dismissal, because there is no 'final decision' of the Commissioner.") (citations omitted).   In conducting review of the Appeals Council's decision, the Court is limited to considering whether the Appeals Council's decision that a claimant did not demonstrate good cause for an untimely request for review is arbitrary or capricious, i.e., whether the Appeals Council abused its discretion.   *See Maxwell v. Comm'r of Soc. Sec.*, No. 6:12-cv-5-Orl-GJK, 2013 WL 298267, at *2 (M.D. Fla. Jan. 25, 2013); *Waters,* 184 F.Supp.2d at 1341; *Ford v. Astrue,* No. 3:06cv366/LAC/MD, 2008 WL 168890 at * 1 (N.D.Fla. Jan.16, 2008).   Thus, although Plaintiff attempts to challenge the substance of the ALJ's unfavorable decision and why he failed to properly evaluate the medical evidence, the **only** issue before the Court is whether the Appeals Council's refusal to extend time was unreasonable or arbitrary.

In support of his untimely request for review, Plaintiff explained that he had not received a copy of the ALJ's unfavorable decision until he went to his local Social Security office.   (Doc. 18, pp. 13-15).[3]   To support this claim, Plaintiff submitted a June 20, 2013 letter from the United States Postal Service (USPS).   The USPS acknowledged receiving a letter from Plaintiff regarding the return of mail addressed to him at 4532 Jacksonville Road and apologized for any inconvenience.   (Doc. 18, p.6).[4]

---

[3] In its Order, the Appeals Council noted that it actually received the request for review at a later date – June 24, 2014.   (Doc. 18, p.5).   Either way, the request for review was not timely.

[4] Plaintiff also submitted a UPS label showing that Plaintiff sent a letter to the ALJ on March 21, 2013. (Doc. 18, p. 9).   Plaintiff contended that it showed that at that time he believed that the file was still with the ALJ.   Even so, it does not support Plaintiff's claim that he never received the ALJ's decision.

In its Order, the Appeals Council explained that despite his claim that he had not received the ALJ's decision, it was mailed to the same address as reflected on the request for review.   (Doc. 18, pp. 5-6).   Moreover, the Appeals Council noted that the letter from the USPS did not specify that the ALJ's decision had not been delivered or that it had been returned.   At most, the letter showed that the USPS had acknowledged Plaintiff's report that some mail addressed to him may have been returned.

Now, Plaintiff argues for the first time that good cause exists because the request for review was only one day late and the delay in mailing was caused by his attorneys.   (Doc. 46, pp. 7, 9). These claims are not supported by the record.   As discussed *supra*, the request for review was filed almost one month late, not one day late.   Moreover, the request for review was signed by Plaintiff without any suggestion that it was submitted by a representative.   Apparently, Plaintiff retained counsel at some point because six weeks later Elizabeth F. Stakenborg, Esquire submitted the letter from the USPS on Plaintiff's behalf.   However, in her cover letter, Ms. Stakenborg argued that Plaintiff was not aware of the ALJ's decision; she did not assert that Plaintiff was represented and that counsel untimely mailed the request for review.

Based on a review of the record, I cannot say that the Appeals Council abused its discretion in finding that there was no good cause for the Plaintiff's failure to seek review in a timely manner. *See e.g., Ford v. Astrue*, No. 3:06cv366/LAC/MD, 2008 WL 168890, at *2-3 (N.D. Fla. Jan. 16, 2008) (finding no abuse of discretion by the Appeals Council where claimant alleged failure to receive ALJ's decision but did not provide any evidence that it was returned as undeliverable).

Accordingly, I recommend that the decision of the Commissioner be **AFFIRMED**, that this action be **DISMISSED**, and that the clerk be directed to close the file.

**DONE and ENTERED** in Ocala, Florida on June 17, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties